SHAREMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, October 17, 1905.

JURISDICTION: Constitutional Question.    Where, in an action for personal injuries, an ordinance, offered by the plaintiff and introduced in evidence, was objected to by defendant on the ground that it was in conflict with section 30, article 2, of the Constitution of the State, and in conflict with the fourteenth amendment of the Constitution of the United States, a constitutional question is raised and the Court of Appeals has no jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

TRANSFERRED TO SUPREME COURT.

*George W. Easley* with *Boyle, Priest & Lehmann* for appellant.

*A. R. Taylor* for respondent.

BLAND, P. J.—On the trial the court gave an instruction to the effect that if nine of the twelve jurors agreed on a verdict, the nine concurring should sign the verdict thus found and return it in court. The defendant objected to this instruction on the ground that it violated section 2, article 15, of the Constitution of the State. The verdict was for plaintiff and the appeal was taken to the Supreme Court. The twelve jurors agreed

in the verdict and the Supreme Court held that as the verdict was unanimous, defendant was not denied any right it had under the Constitution, and transferred the case to this court.

Plaintiff alleged in her petition, as a ground of negligence entitling her to recover, the violation, by defendant's servants in charge of the car from which she fell and was injured, of subdivision 5, section 1,275, of an ordinance of the city of St. Louis which provides that "conductors shall not allow ladies or children to leave or enter the cars while the same are in motion." On the trial the ordinance was offered and read in evidence by the plaintiff, over an objection interposed by the defendant, that the ordinance was in conflict with and violated section 30, article 2, of the Constitution of the State of Missouri and violated the fourteenth amendment of the Constitution of the United States. [See page 62 appellant's abstract.] Counsel for both parties, in their printed statements of the facts of the case, erroneously stated that subdivision 5, of the ordinance, was not read in evidence; supposedly, they were led into this error from the fact that when the ordinance was first offered, the court sustained defendant's objection to it as evidence. [See page 49 appellant's abstract.] The Supreme Court undoubtedly relied upon counsel's erroneous statements of the facts and did not discover that a constitutional question, other than the one it passed on, was directly raised by the record, otherwise it would have retained jurisdiction of the cause. The record clearly shows that defendant invoked the protection of both the Constitution of the State and of the United States and pointed out the specific section and article of both on which it relied. Its constitutional rights thus raised were decided against it, hence the jurisdiction of the cause is conclusively in the Supreme Court, and the cause is re-transferred to that court for final decision.